Court of Chancery—Grafner v. Grafner.

MAUD GRAFNER, complainant,

*v.*

EMIL GRAFNER, defendant.

[Filed May 26th, 1925.]

Divorce—Maintenance—Custody of Children—Couple Originally
Separated by Mutual Consent, Husband Paying For Chil-
dren's Maintenance—Mother Afterward Turned Children
Over to Father—Abandonment Not Shown Nor Ability to
Care For Children as Well as They Are Now Cared For in
a Children's Home.

On final hearing.

*Mr. Charles J. Falcey,* for the complainant.

*Mr. Maxwell Kraemer,* for the defendants.

BUCHANAN, V. C.

The bill is for maintenance, under the statute, and for cus-
tody and maintenance of two children of the marriage, now
in the custody of defendant.

The evidence in this suit is that the couple separated in
1923 by consent or acquiescence, with an arrangement
whereby the wife was to keep the children and the husband
was to pay $15 per week, plus some furniture installments,
for the support of all; that although the wife later turned
the children over to the husband, there was no offer or effort
on her part to return to him or terminate the separation until
within the last few days. (She, it is true, testifies to an
earlier effort, but he denies it and gives an entirely different
version of her visit. Neither is corroborated, and she fails
to sustain the burden of proof.) Her offer, last week, to
return to him was coupled with two conditions—(1) that he
submit to a physical examination, and (2) that he assure her

that he would "keep his hands off" her.   The evidence fails to show justification for either of these conditions.

Complainant, therefore, has failed to show abandonment. Indeed, her counsel announced at the close of the hearing that she was self-supporting, and asked no support for herself; that she asked the custody of the children and support for them.

In this status the proceedings is simply one to procure a modification of the decree in the previous suit on *habeas corpus* for the custody of the children (*Docket 55 p. 382*) determined about a year ago.   This question is not without difficulty, but the burden of proof is upon the complainant, and I cannot feel that the children would be better off (or, indeed, as well) in the environment that she proposes than they are now.   She has three rooms in an apartment-house in the centre of town, one occupied by a lodger, a nurse, and her mother lives on the floor above. .  The wife would be absent, at least, half of each day, and the wife's mother is out at times;  the nurse's presence, of course, would be sporadic on account of her engagements.   The wife says she would leave the children in a day nursery when she was compelled to be absent and no one else at home to take care of them.   Even if the wife had shown herself more solicitous about the children's care than she has in the past, such an arrangement would, of necessity, subject the children to great irregularity and change.   At present, though in a children's home, they are properly kept and cared for, visited by the parents, and have trained supervision and opportunities for fresh air and play which they would not have with their mother in this apartment.   I cannot feel that any change should be made at present.